SHUBAEL SMITH v. JOHN SMITH, JR., THERON HOUGH ET AL.

*Personal decree on foreclosure—Collection of deficiency restrained.*

Certain persons agreed with the defendant in a mortgage foreclosure, to purchase the property at its foreclosure sale, if they could do so for a certain sum, and afterwards to release the interest so acquired, upon payment, by defendant, of a certain amount. The premises were actually bid off to others for a sum that was less than the amount due, but was nearly enough to pay what the other parties to the agreement were entitled to thereunder, and although not parties to the foreclosure, the latter applied for and obtained an order on which execution was issued for the deficiency. The defendant had been brought into court on the original foreclosure by personal service, but had allowed the bill to be taken as confessed and knew nothing of the proceedings subsequent to the sale. *Held,* that he could maintain a bill to restrain the collection of the deficiency, as in fraud of the agreement made.

Appeal from Lapeer. Submitted June 15. Decided June 22.

BILL to prevent collection of deficiency on foreclosure. Defendants appeal. Affirmed.

*Moore & Bentley* and *A. B. Maynard* for complainant claimed that defendants had done dishonestly, unfairly and fraudulently and that equity should interfere : 2 Story's Eq. Jur. (3d ed.) 1258-1265 ; *Laing v. McKee* 13 Mich. 124; *Wilson v. Eggleston* 27 Mich. 257 ; *Merrill v. Allen* 38 Mich. 487 ; *Huxley v. Rice* 40 Mich. 74; *Edsell v. Briggs* 20 Mich. 429 ; *Wyckoff v. Victor S. M. Co.* 43 Mich. 310.

*Geer & Williams* for defendants

MARSTON, C. J. We have no doubt whatever but that the agreement of February 22d, 1875, was binding upon these defendants. Under this agreement the suit then pending for the foreclosure of the mortgages against this complainant and his property was to proceed, and if on a sale of the premises the price did not exceed a certain sum, these defendants were to purchase the property, and complainant herein was to have two and a half years from the date of such agreement to pay defendants certain sums, and they then were to release to him all their right, title and interest in the mortgaged premises.

The premises were sold, bid off by third parties, and at a price less than the amount due as appeared by the mortgages, but within a few dollars of being sufficient to pay these defendants the amount to which they were entitled under the agreement of February 22d. They afterwards applied to the court and obtained an order upon which an execution was issued to collect from this complainant the deficiency, the difference between what the mortgaged premises sold for and the amount of the mortgages—upwards of $2000. This complainant had no knowledge of such proceedings subsequent to the sale. When the foreclosure proceedings were commenced he was properly brought into court by personal service of the subpœna, but did not appear. and a decree was taken *pro confesso.*

The bill in this case was filed to prevent the collection of such deficiency—and it is here urged among other things that this complainant should have made his application to

the court in the other cause, and that an original suit could not be commenced for such purpose.

These defendants were not parties in the other case, although after the agreement of February 22 it was carried on for their use and benefit, and the agreement of February 22d was not introduced or used in that case; indeed it was a part of the agreement that it should not be, but that in order to carry out the object and purposes of the agreement the suit should be permitted to proceed. These defendants in attempting to collect the deficiency, are attempting to violate this agreement, and their attempt to do so, and the order obtained by them in the foreclosure case, was a direct fraud upon the rights of this complainant, and would not have been permitted by the court in that case had attention been called to the agreement of February 22. The complainant in this case was not obliged to watch the proceedings in that case, as he could have had no reason to anticipate that these defendants, in direct violation of their agreement, would attempt to collect the deficiency, and upon ascertaining the fact he had a right to commence proceedings against them and protect his own rights and interests.

We are satisfied that the decree below was none too favorable to the complainant and that it must be affirmed with costs.

The other Justices concurred.